IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Boards of Trustees of Ohio Laborers' Fringe Benefit Programs, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:16-cv-433 |
| | : | JUDGE ALGENON L. MARBLEY |
| | | Magistrate Judge Kemp |
| Headlands Contracting & Tunneling, Inc., | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

This matter is before the Court on a motion for default judgment filed by Plaintiff Boards of Trustees of Ohio Laborers' Fringe Benefit Programs (Doc. 7). For the reasons set forth below, the Court will recommend that the motion for default judgment be granted.

I. Background

The Plaintiff is the Board of Trustees of the Ohio Laborers' Fringe benefit programs, which administers four funds: the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, and the Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. The complaint states that the first three funds are established "employee benefit plans" as defined by §2(1) of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §1002(1), and the fourth fund is a labor management cooperation trust authorized by §302(c)(9) of the Labor Management Relations Act of 1947

("LMRA"), see 29 U.S.C. §186(c)(9).  Plaintiff is obligated and authorized to collect contributions to the funds.

In a complaint filed on May 16, 2016, Plaintiff sought to collect delinquent contributions and other money owed by Defendant Headlands Contracting and Tunneling, Inc., d/b/a H&T Construction Company, Inc.  The complaint alleges that H&T was an employer bound, pursuant to collective bargaining agreements, to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the funds on behalf of those employees covered by the collective bargaining agreements. The complaint alleges that H&T breached the agreements by failing to make monthly contributions in the amount and manner prescribed.  Based upon this alleged breach, Plaintiff sought judgment in the amount of $8,999.79 for unpaid contributions for the period from January, 2016 through April, 2016, plus liquidated damages and interest on all unpaid contributions; judgment for an undetermined amount of additional unpaid contributions; mandatory injunctive relief; declaratory relief; and attorneys' fees.

H&T was served with the complaint via certified mail, issued by the Clerk's office, on June 3, 2016. (Doc. 4).  On June 30, 2016, Plaintiff filed an application to the Clerk of Court for an entry of default.  The Clerk entered default that day.  (Doc. 6). The motion for default judgment was filed on July 6, 2016.  (Doc. 7).

II. The Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability.  See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  The mere

-2-

determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 Fed. Appx. 351, 355 (6th Cir. 2009), quoting Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  The decision to grant default judgment falls within the Court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Id. (footnotes omitted).  Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record.  See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011).

In the motion for default judgment, Plaintiff seeks judgment for delinquent contributions totaling $9,731.29 and interest and liquidated damages in the amount of $1,045.84.  Plaintiff also asks for an award of attorneys' fees in the amount of $1,785.00.

The complaint, and the admissions which result from the entry of default, show that H&T entered into agreements

-3-

obligating it to make the contributions specified in those agreements and that it failed to make contributions for the audit period in question.  Further, the plan and funds at issue fall within the provisions of ERISA, 29 U.S.C. §1002(1) and 29 U.S.C. §1132(g), and the LMRA.  Those showings are sufficient to establish liability.

As to damages, Plaintiff has submitted an affidavit from Brian Gaston, the funds' contract relations manager, attesting to the audit findings, and those findings are attached as an exhibit to his affidavit.  The affidavit is sufficient to support an award of damages as requested in the motion for default judgment, in the amount of $10,777.13, without the need for an evidentiary hearing.  As to attorneys' fees, Plaintiff's counsel, Steven M. Ball, has submitted an affidavit showing that he devoted seven hours to this matter and charged a rate of $255.00 per hour.  The attorney's fees in this matter are $1,785.00, and the Court finds that amount to be reasonable.  The docket also reflects costs paid in the amount of $400.00.  It will therefore be recommended that the Court grant the motion for default judgment and enter judgment against H&T in the total amount of $12,962.13.  Interest on the unpaid contributions of $10,777.13 should run at the rate of 1% per month from the date of judgment.

### III. <u>Recommendation</u>

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 7) be granted and judgment be entered against the defendant in the amount of $12,962.13, with interest on the unpaid contributions of $10,777.13 to run at the rate of 1% per month from the date of judgment.

### IV.  <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file

-4-

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge